IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>vs.<br><br>KIMBERLY BUTINSKI,<br><br>    Defendant. | **8:12CR191**<br><br>**SENTENCING MEMORANDUM** |

This matter is before the court for sentencing. This Sentencing Memorandum supplements findings made on the record at a sentencing hearing on May 8, 2013, Filing No. 37.

**I. BACKGROUND**

  **A. Facts**

The government charged defendant in an Indictment with Social Security Fraud in violation of 42 U.S.C. § 408(a)(3). Defendant pled guilty to this charge on December 6, 2012. Defendant completed Social Security Administration documents and SNAP and Energy Assistance applications indicating she and her children were eligible for benefits. She made numerous false statements throughout the documents. Defendant was not eligible for these benefits, and as a result, she defrauded the Social Security Administration out of $32,593.68 and the Nebraska Department of Health and Human Services out of $7,382.00, an amount on which both the government and the defendant agree.

The defendant was charged with theft prior to this case, wherein she stole over $30,000.00 from her employer, Pinnacle American Management. She received diversion and committed the current crime while on diversion.

There is no plea agreement. The court accepted the defendant's plea, Filing No. 24, and ordered the preparation of a Presentence Investigation Report (hereinafter, "PSR") by the United States Office of Probation (hereinafter, "the Probation Office") that calculated defendant's sentence under the United States Sentencing Guidelines ("the Guidelines").

In the PSR, the Probation Office based its outline of the offense conduct on the prosecutor's version of events. Filing No. 38, PSR (sealed) at 3-7. The government had no objections to the PSR. The defendant objected the amount of the loss in paragraph 12; and the defendant objected to the loss/restitution amounts set forth in paragraphs 34, 35, 41, 45, and 48, contending that the appropriate amount of loss in this case is $10,000 to $30,000. Thereafter, the parties amended the PSR to reflect an agreement of the amount of restitution owed as follows: $16,296.84 to the Social Security Administration for Jonathon Butinski; $16,296.84, to the Social Security Administration for Andrew Butinski; and $7,382.00 to the Nebraska Department of Health and Human Services. The court adopts the PSR as amended by agreement of the parties. The court further finds that no mandatory minimum sentence applies in this case.

Defendant is 36 years of age and has a very close relationship with her parents and siblings. She also has twins who were 14 weeks premature with numerous health issues, and she has a third child. She is married and contends she is totally devoted to

her husband and children. She denies any mental or emotional health issues and has been attending counseling at Catholic Charities while on bond to address previous gambling issues, and is also attending marriage counseling. She has a high school education and previously obtained a Nebraska real estate license. Defendant worked as a property manager both in Florida and in Omaha.

### B. Law

#### 1. Sentencing

The Sentencing Guidelines are no longer mandatory and the range of choice in sentencing dictated by the facts of the case has been significantly broadened. *See United States v. Booker,* 543 U.S. 220, 260-61 (2005); *Gall v. United States,* 552 U.S. 38, 59 (2007). District courts must "give respectful consideration to the Guidelines," but are permitted "'to tailor the sentence in light of other statutory concerns as well.'" *Kimbrough v. United States*, 552 U.S. 85, 101 (2007) *(quoting Booker,* 543 U.S. at 245-246).

In imposing a sentence, the district court must consider the factors set out in the Sentencing Reform Act at 18 U.S.C. § 3553(a), including the nature of the offense, history and characteristics of the defendant, the need to deter criminal conduct, and the need to protect the public from further crimes by the defendant. *See*, e.g., *Gall*, 552 U.S. 38, 41, 49-50 & n.6; *Booker*, 543 U.S. at 259-60; *Nelson v. United States,* 555 U.S. 350, 351 (2009). That statute "contains an overarching provision instructing district courts to 'impose a sentence sufficient, but not greater than necessary' to accomplish the goals of sentencing." *Kimbrough,* 552 U.S. at 101 (quoting 18 U.S.C. § 3553(a)). The sentencing court must first calculate the Guidelines range, and then consider what

sentence is appropriate for the individual defendant in light of the statutory sentencing factors, explaining any variance from the former with reference to the latter.  *See, e.g., United States v. Shannon*, 414 F.3d 921, 923–24 (8th Cir. 2005); *United States v. VandeBrake,* 679 F.3d 1030, 1040 n.7 (explaining that the three steps in the post-*Booker* sentencing process are: (1) to determine the initial advisory guideline sentencing range, (2) to determine any appropriate departures (upward or downward) from the guidelines, and (3) to decide whether to vary from the advisory guideline range based on the factors set forth in § 3553(a), so long as such a variance is reasonable). "'[T]he standards justifying departures under the advisory Guidelines are narrower than the factors enumerated in § 3553(a),' and a variance based on the statutory factors may be appropriate even where a departure would be unjustified." *United States v. Green*, 691 F.3d 960, 966 (8th Cir. 2012) (quoting *United States v. Solis-Bermudez*, 501 F.3d 882, 886 (8th Cir. 2007).

In determining a sentence, the court can consider whether the guideline at issue exemplifies the Sentencing Commission's "exercise of its characteristic institutional role" which is "to formulate and constantly refine national sentencing standards, basing its determinations on empirical data and national experience, guided by a professional staff with appropriate expertise." *Kimbrough,* 552 U.S. at 108-09*; Rita,* 551 U.S. 338, 349-50 (2007)*.*  In formulating most Guidelines, the Commission developed and used data on past practices and recidivism to establish offense levels for each crime, linked to a recommended imprisonment range, based on these sentencing statistics.  *See* United States Sentencing Commission, *Fifteen Years of Guidelines Sentencing:  An Assessment of How Well the Federal Criminal Justice System is Achieving the Goals of*

*Sentencing Reform* 14, 72-73 (November 2004), available at http:// www.ussc.gov/ 15_ year/ 15_ year_ study_ full.pdf ("Fifteen-Year Assessment"); U.S.S.G. § 1A.1, intro. comment., pt. A, ¶ 3; *Kimbrough,* 552 U.S. at 96; *Gall,* 552 U.S. at 46 (noting that the Guidelines are "the product of careful study based on extensive empirical evidence derived from the review of thousands of individual sentencing decisions"). When Guidelines are not the result of the Commission's exercise of its characteristic institutional role, such as when they are not based on any identified empirical approach, but are instead keyed to or guided by statutory directives, a court is not presented with the "ordinary case," in which "the Commission's recommendation of a sentencing range will 'reflect a rough approximation of sentences that might achieve § 3553(a)'s objectives'" and it is "not an abuse of discretion for a district court to conclude when sentencing a particular defendant" that application of the guideline "yields a sentence 'greater than necessary' to achieve § 3553(a)'s purposes even in a mine-run case." *Kimbrough,* 552 U.S. at 109-110 (quoting *Rita*, 551 U.S. at 350*; see also Gall,* 552 U.S. at 46 n.2 (noting that not all Guidelines are tied to empirical evidence).

## II. DISCUSSION

### A. Guidelines Calculation

The court adopts the findings in the PSR as amended. The court finds the defendant's criminal history category is III. Her base offense level under the Guidelines is 6. See U.S.S.G. § 2B1.1(a)(2). The guideline imprisonment range is 10 to 16 months and the supervised release range is 1 to 3 years. The fine is waived due to an inability to pay. The sentence is within an advisory guideline range that is not greater than 24 months, and the court finds no reason to depart. The court finds the following

adjustments are applicable:  + 6 points for specific offense characteristic because the loss exceeded $30,000 but was less than $70,000; and -2 for acceptance of responsibility pursuant to U.S.S.G. § 3E1.1(a).  Thus, the total offense level is 10.

### B.  Section 3553(a) Factors

As stated previously, the defendant was charged with theft prior to this case, wherein she stole over $30,000.00 from her employer, Pinnacle American Management.  She received diversion and committed the current crime while on diversion.  She continues to put herself and her supportive family at financial risk.  The court finds that a sentence of incarceration for 12 months and a day, followed by a term of supervised release of three years, will fulfill the objectives of sentencing set out in § 3553(a).  The court further finds that it needs to deter defendant's criminal conduct as she has now been involved with significant theft on two separate occasions.  With respect to the nature and circumstances of the offense, the court finds that Social Security fraud is a serious offense.  Further, imprisonment sends a message to the community at large that fraudulently obtaining benefits comes at a significant price.

The court has consulted the Guidelines and has used the Guidelines calculation as its initial starting point.  The court finds imprisonment for a term of twelve months and one day is consistent with the crime and the objectives herein.  The court will place defendant on supervised release, following her term of imprisonment, for a term of three years which will further serve the purpose of protecting the rights of the public.

### C.  Restitution

The court orders that the defendant shall pay restitution in the amount of $39,975.68, as stipulated by the parties, as follows:  $16,296.84 to the Social Security

Administration for Jonathon Butinski; $16,296.84, to the Social Security Administration for Andrew Butinski; $7,382.00 to the Nebraska Department of Health and Human Services, to the Clerk of the United States District Court for the District of Nebraska as set forth in the Judgment in this case.

A Judgment and Commitment in conformity with this Sentencing Memorandum will issue this date.

Dated this 17th day of May, 2013.

BY THE COURT:

s/ Joseph F. Bataillon  
United States District Judge